```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

                    Plaintiffs,
                                           MEMORANDUM & ORDER
          -against-                        12-CV-2981(JS)(ARL)

RHB INSTALLATIONS INC., and
RAYMOND MARTIN, as an individual,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiffs:     Jeffrey S. Dubin, Esq.
                    Doreen Nanda, Esq.
                    464 New York Avenue, Suite 100
                    Huntington, NY 11741

For Defendants[1]:  David Baram, Esq.
                    Baram & Kaiser, Esqs
                    600 Old Country Road, Suite 300
                    Garden City, NY 11530
```

SEYBERT, District Judge:

Currently, plaintiffs--five, multi-employer, employee benefit plans (collectively, "Plaintiffs")--move for sanctions in the form of a default judgment against defendants RHB

---

[1] The Clerk of the Court is directed to amend the docket to reflect Mr. Baram's appearance on behalf of both Defendants.

Installations, Inc. and Raymond Martin (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 37 and 55.  For the following reasons, Plaintiffs' motion is GRANTED IN PART.

BACKGROUND

Plaintiffs commenced this action on June 14, 2012 against Defendants pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1132 and 1145 ("ERISA") to collect delinquent fringe benefit contributions from RHB Installations, Inc. and to surcharge Raymond Martin for his alleged breach of fiduciary obligations.

As outlined in Plaintiffs' motion to compel, dated February 22, 2013, Plaintiffs repeatedly sought responses to their interrogatories and request for the production of documents from Defendant, to no avail. (Pls.' Mot. to Compel, Docket Entry 12, at 1-2.)  On March 4, 2013, Magistrate Judge Arlene R. Lindsay granted, in part, Plaintiffs' motion to compel. (See Order, Docket Entry 13.)  Judge Lindsay noted that Plaintiffs' discovery requests were mailed to Defendants on December 7, 2012, but that Defendants still had not responded. (Order at 1.)  Accordingly, she ordered that Defendants respond to all outstanding discovery requests by March 12, 2013.  (Order at 1.)  She further noted that failure to comply with her Order could result in the imposition of sanctions. (Order at 1.)

DISCUSSION

Plaintiffs now move for sanctions against Defendants in the form of a default judgment, asserting that Defendants still have not responded to any of their discovery requests. Defendants have not opposed Plaintiffs' motion. The Court will first address the applicable legal standard before turning to Plaintiffs' motion more specifically.

I. Legal Standard

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). In addition, Rule 37 provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders [which] may include . . . rendering a default judgment against the disobedient party . . . .

FED. R. CIV. P. 37(b)(2)(A)(vi).

Although a default judgment is certainly a severe sanction, it "'must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might

be tempted to such conduct in the absence of such a deterrent.'" Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc., 543 F.2d 3, 6 (2d Cir. 1976) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976)).

"In evaluating whether a default judgment is warranted, courts should consider the following factors: (1) the party's history of noncompliance; (2) whether the party had sufficient time to comply; and (3) whether the party had received notice that further delays would result in dismissal." Sony BMG Music Entm't v. Thurmond, No. 06-CV-1230, 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009); see also Integrity Elecs., Inc. v. Garden State Distribs., Inc., No. 09-CV-2367, 2012 WL 1041349, at *1 (E.D.N.Y. Mar. 28, 2012) (also including the efficacy of a lesser sanction as a factor). Moreover, "issuance of a default judgment for non-compliance with discovery orders is to be used only where the facts demonstrate bad faith and a willful obstruction of the discovery process . . . ." Maizus v. Weldor Trust Reg., 144 F.R.D. 34, 37 (S.D.N.Y. 1992).

II. Application

Here, Defendants repeatedly failed to respond to Plaintiffs' discovery requests. (See generally Nanda Decl., Docket Entry 14-2.) Moreover, Judge Lindsay explicitly warned Defendants

that their failure to comply with her Order may result in sanctions. (Order at 1.)  Despite such a warning over nine months ago, Defendants continue to disregard their discovery obligations. "[D]iscovery orders are meant to be followed [and a] 'party who flouts such orders does so at his peril.'"  Bambu Sales v. Ozak Trading, 58 F.3d 849, 853 (2d Cir. 1995) (quoting Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir. 1988)); see also Sony BMG Music Entertainment, 2009 WL 4110292, at *2 ("It is . . . well-settled that significant and repeated discovery violations warrant the imposition of sanctions, including entry of a default judgment.").

Such actions demonstrate bad faith and willful obstruction.  See Integrity Elecs., Inc., 2012 WL 1041349, at *3 ("[D]efendants' repeated failure to comply with Judge Pollak's orders indicates that the delay was, if not willful, at the very least defendants' fault."). Moreover, given the relatively lengthy period of non-compliance, the Court finds that lesser sanctions would not be effective.  See id. at *3 ("[L]esser sanctions would not be effective because a further discovery order would multiply proceedings in this action, which has already been unnecessarily delayed . . . ."); United States v. $188,911.00 in U.S. Currency, No. 03-CV-0382, 2005 WL 2446232, at *4 (S.D.N.Y. Oct. 4, 2005) (finding that lesser sanctions would not be effective due to

repeated failures to comply with court orders).

Accordingly, as the Court finds that a default judgment is an appropriate sanction in this case, Plaintiffs' motion is GRANTED.

Finally, the Court notes that Plaintiffs have also requested $875.00 in attorneys' fees. (See Nanda Decl. ¶ 19.) Federal Rule of Civil Procedure 37(b)(2)(C) provides that "[i]nstead of or in addition to [other sanctions], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Thus, given the facts recited above, Plaintiffs' request for attorneys' fees is warranted. However, the Court cannot determine whether the requested amount of fees is reasonable based upon Plaintiffs' submission. See Granados v. Gold Coast Tennis, Inc., No. 12-CV-4016, 2013 WL 3766582, at *3 (E.D.N.Y. July 16, 2013) ("To obtain damages related to a default judgment, 'a plaintiff must present admissible evidentiary proof of his alleged damages, unless the claimed amount is liquidated or susceptible to mathematical calculation.'" (quoting In re Suprema Specialties, Inc., 330 B.R. 40, 54-55 (S.D.N.Y. 2005))). Accordingly, the Court REFERS this matter to Magistrate Judge Lindsay for an inquest on

damages.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for sanctions is GRANTED and the Clerk of the Court shall enter default judgment against Defendants. Additionally, Plaintiffs are REFERRED to Magistrate Judge Lindsay for an inquest on damages.

Finally, the Clerk of the Court is directed to amend the docket to reflect Mr. Baram's appearance on behalf of both Defendants.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:   January 7, 2014
         Central Islip, New York