```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHEET METAL WORKERS' NATIONAL PENSION
FUND; NATIONAL ENERGY MANAGEMENT
INSTITUTE COMMITTEE FOR THE SHEET
METAL AND AIR CONDITIONING INDUSTRY;
SHEET METAL OCCUPATIONAL HEALTH
INSTITUTE TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND AIR
CONDITIONING INDUSTRY; and NATIONAL            MEMORANDUM AND ORDER
STABILIZATION AGREEMENT OF THE SHEET           12-CV-2981(JS)(ARL)
METAL INDUSTRY FUND,

                        Plaintiffs,

        -against-

RHB INSTALLATIONS INC. and RAYMOND
MARTIN, as an individual,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:         Jeffrey S. Dubin, Esq.
                        Amy E. Lucas-Strang, Esq.
                        Doreen Nanda, Esq.
                        Jeffrey S. Dubin P.C.
                        464 New York Avenue, Suite 100
                        Huntington, NY 11743

For Defendants:         David Baram, Esq.
                        Amy E. Lucas-Strang, Esq.
                        Doreen Nanda, Esq.
                        Baram & Kaiser, Esqs
                        600 Old Country Road, Suite 300
                        Garden City, NY 11530
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiffs $125,472.56 in damages following

defendants' default.  (Docket Entry 28.)  For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety,

BACKGROUND

This action was commenced by the following plaintiff's on June 14, 2013: (1) the Metal Workers' National Pension Fund; (2) the National Energy Management Institute Committee for the Sheet Metal And Air Conditioning Industry; the Sheet Metal Occupational Health Institute Trust; the International Training Institute for the Sheet Metal and Air Conditioning Industry; and the National Stabilization Agreement of the Sheer Metal Industry Fund (collectively, "Plaintiffs").  Plaintiffs brought suit against defendants RHB Installations Inc. and Raymond Martin ("Defendants") seeking unpaid contributions under the Employee Retirement Income Security Act of 1974 ("ERISA").

On March 29, 2013, Plaintiffs moved for sanctions and a default judgment against Defendants for failing to comply with discovery demands.  (Docket Entry 14.)  On January 7, 2014, the undersigned granted Plaintiffs' motion and referred the matter to Judge Lindsay for an inquest on damages.  (Memorandum and Order, Docket Entry 16, at 7.)  By Order dated January 10, 2014, Judge Lindsay directed Plaintiffs' to file papers in support of their damages claim.  (Docket Entry 17.)  Plaintiffs ultimately filed two declarations in support of their damages claim.  (Docket Entries 19, 24).

On August 18, 2014, Judge Lindsay issued her R&R. The R&R recommends that the Court award Plaintiffs $125,472.56 in damages, comprising: (1) $99,079.22 in unpaid contributions; (2) $19,815.84 in liquidated damages; (3) $6,122.50 in attorney fees; and (3) $455.00 in costs. (R&R at 2.) The R&R further recommends that the Court deny Plaintiffs' request for interest without prejudice to renew upon the submission of additional documentation in support of their request for interest at a rate of eight and a half percent. (R&R at 8.) Plaintiffs have not filed any additional documentation in support of the claim for interest.

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Lindsay's R&R (Docket Entry 28) is ADOPTED in its entirety. The Court is directed to enter judgment in favor of Plaintiffs and against Defendants in the amount of $125,472.56. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  31 , 2015
       Central Islip, New York