UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHEET METAL WORKERS' NATIONAL
PENSION FUND; NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR  **ORDER**
THE SHEET METAL AND AIR  CV 12-2981 (JS)(ARL)
CONDITIONING INDUSTRY; SHEET METAL
OCCUPATIONAL HEALTH INSTITUTE
TRUST; INTERNATIONAL TRAINING
INSTITUTE FOR THE SHEET METAL AND
AIR CONDITIONING INDUSTRY; and
NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY FUND,

                Plaintiffs,

   -against-

RHB INSTALLATIONS, INC., and
RAYMOND MARTIN, as an individual,

                Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is plaintiffs' motion to hold the individual defendant, Raymond Martin ("Martin"), in contempt pursuant to Federal Rule of Civil Procedure ("Rule") 45(g) for failing to obey a document subpoena. This motion was referred to the undersigned by District Judge Seybert on October 9, 2015. For the reasons set forth below, the Court finds that plaintiffs' motion for contempt is premature and treats plaintiffs' motion as a motion to compel, which is granted.

**BACKGROUND**

      Plaintiffs commenced this action on June 14, 2012 against defendants pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1132 and 1145

1

("ERISA") to collect delinquent fringe benefit contributions from RHB Installations, Inc. and to surcharge Martin for his alleged breach of fiduciary obligations. Defendants, appearing through counsel, filed an answer on August 28, 2012.

On March 29, 2013, plaintiffs moved for sanctions and a default judgment against defendants for failure to comply with discovery demands. DE 14. District Judge Seybert granted plaintiffs' motion for a default judgment on January 7, 2014, and referred the matter to the undersigned for an inquest on damages. DE 16. By Report and Recommendation dated August 18, 2014, this Court recommended that Judge Seybert grant plaintiffs $125,472.56 in damages. DE 28. On March 31, 2015, Judge Seybert adopted the Report and Recommendation in its entirety. DE 31. That same day, judgment was entered in favor of plaintiffs and against defendants in the amount of $125,472.56. DE 32.

On May 8, 2015, a subpoena for documents was served on Martin's wife, Donna Martin, by personal delivery at 40 Winston Drive, Smithtown, New York 11787. DE 33-5. A copy of the subpoena was then mailed to the same address by regular first class mail. *Id.* The subpoena required the individual defendant, Raymond Martin, to produce books, papers, and records relevant to the judgment enforcement on or before May 18, 2015. DE 33-4.

On May 15, 2015, plaintiffs' counsel spoke to David Baram, Martin's attorney in this matter. DE 33-2 ¶ 10. Mr. Baram requested a two-week extension of time to produce the documents; plaintiffs' counsel agreed. *Id.* On May 29, 2015, plaintiffs' counsel emailed Mr. Baram requesting that he contact her regarding the document production, as no documents had been produced. *Id.* ¶ 11. That same day, plaintiffs' counsel spoke with Mr. Baram, at which time he indicated that his client would need approximately another week to collect the

documents. *Id.* ¶ 12. When the documents had still not been produced weeks later, plaintiffs filed the instant motion requesting that the Court issue an order pursuant to Rule 45(g): (1) holding defendant, Raymond Martin, in contempt for failure to obey a subpoena and fining him $200.00 per day until he complies with the subpoena; and (2) awarding plaintiffs reasonable attorney's fees of $1,750.00 for the cost of making this motion. To date, Martin has not opposed plaintiffs' motion.

**DISCUSSION**

Rule 45 provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the action is pending. Fed. R. Civ. P. 45(a)(2),(3). If a commanded party "fails without adequate excuse to obey the subpoena," the court may hold that party in contempt. *Id.* 45(g).

Rule 45 further provides that "[s]erving a subpoena requires delivering a copy to the named person." *Id.* 45(b)(1). Courts are split as to whether this provision requires personal service. *See, e.g.*, *Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014); *Cadelrock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc.*, No. 09-CV-2507, 2010 WL 2346283, at *2-4 (E.D.N.Y. Apr. 21, 2010), *Report and Recommendation adopted by*, 2010 WL 2346276 (E.D.N.Y. June 8, 2010). The traditional approach is that personal service is required; several courts, however, have recently held that "'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather than personal service." *Simmons*, 2014 WL 4285762, at*1 (collecting cases). Under this latter approach, courts have approved alternative means of service "only after the plaintiff had diligently attempted to effectuate personal service." *Id.*

3

The Court agrees with those courts in the Second Circuit holding that Rule 45 requires only delivery which reasonably ensures actual receipt by a witness. Here, plaintiffs served Martin by leaving a copy of the subpoena with his wife and sending a copy by first class mail. Neither the process server's affidavit nor plaintiffs' application demonstrate that plaintiffs diligently attempted to effectuate personal service on Martin prior to resorting to alternative methods of service. Nonetheless, Martin clearly received the subpoena as his attorney David Baram requested two extensions of time to comply therewith. Although Martin has provided no excuse for his failure to comply, "[i]n civil litigation, it [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena." Fed. R. Civ. P. 45(g) advisory committee's note 2013 Amendment. Instead, "[o]ften contempt proceedings will be initiated by an order to show cause." *Id.* Accordingly, the Court treats plaintiffs' application as an unopposed motion to compel, and Martin will be provided one final opportunity to comply with the subpoena. Martin is hereby directed to produce all documents requested in the subpoena on or before January 26, 2016. Should Martin fail to comply with this Order, plaintiffs may renew their contempt motion at that time. Martin is cautioned that failure to comply with this Order may result in a recommendation by the undersigned that Martin be held in contempt of court, including the imposition of attorneys' fees and fines. Plaintiffs are directed to serve a copy of this Order on Martin's counsel and to personally serve a copy of this Order on Martin.

Dated: Central Islip, New York      **SO ORDERED:**
        January 12, 2016

                                               _____/s_____
                                               ARLENE R. LINDSAY
                                               United States Magistrate Judge